UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Jason Moore, #1087786<br>*aka David J. Moore*<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Charleston County Detention Center,<br>Medical Prison Health Service Inc.,<br><br>　　　　　　　Defendants. | ) C/A No. 8:08-492-GRA-BHH<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

　　　　The plaintiff, David Jason Moore ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is detained in the Charleston County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the detention center and a corporation as defendants. The complaint claims violation of Plaintiff's constitutional rights for deliberate indifference to a serious medical need and seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

　　　　Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

2

never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the complaint and amended complaint are filed pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the complaint and amended complaint allege violation of a constitutional

right, the pleadings fail to allege that either of the defendants are a "person acting under the color of state law." *Id.* The pleadings name Charleston County Detention Center as a defendant. In a § 1983 civil rights action, a plaintiff must sufficiently allege injury by "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961). A defendant in a § 1983 action must qualify as a "person." The Charleston County Detention Center is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the Charleston County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The Defendant Charleston County Detention Center is not a "person" subject to liability under § 1983, so the pleadings fail to state a claim against Defendant Charleston County Detention Center.

The complaint and amended complaint also name Medical Prison Health Services, Inc. as a defendant in this § 1983 action. To act under color of state law for purposes of § 1983, private action that allegedly causes the deprivation of a federal right must be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). State action is

4

required because "most rights secured by the Constitution are protected only against infringement by governments."  *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Although many factors may be considered in determining whether state action is present, *Mentavlos v. Anderson*, 249 F.3d 301, 311-12 (4th Cir. 2001), no single factor is determinative, and the "totality of the circumstances" must be evaluated. *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000).  The allegations in the pleadings do not establish any connection between the named corporate defendant and the state to establish a close nexus between the state and the challenged action so that the action of the corporate defendant could be fairly treated as that of the state itself. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974) (sufficiently close nexus required).  No factual allegations in the pleadings establish that the named corporate defendant acted under color of state law.  The pleadings fail to establish that Defendant Medical Prison Health Services, Inc. acted under color of state law.  In fact, the factual allegations in the pleadings contain no reference to the Defendant Medical Prison Health Services, Inc., so it is not clear what, if any, of the alleged actions are attributable to this Defendant.  While "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief... and the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests," *Erickson v. Pardus*, _U.S._,  127 S. Ct. 2197, 2200 (2007),  "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions."  *Bell Atlantic Corp. v. Twombley*, _U.S._, 127 S.Ct. 1955, 1964-65 (2007). The pleadings fail to state a claim against Defendant Medical Prison Health Services, Inc.

pursuant to § 1983.          The complaint and amended complaint in this case fail to state a claim against the named defendants upon which relief may be granted and this civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint and amended complaint in this case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. **The plaintiff's attention is directed to the important notice on the next page**.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

April 3, 2008
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).